S. LANE TUCKER
United States Attorney

RYAN TANSEY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: ryan.tansey@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:21-cr-00011-RRB-SAO |
| Plaintiff, | ) ) ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) ) | |
| RAIHANA NADEM, a/k/a RAIHANA Dalbec, | ) ) ) | |
| Defendant. | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information: Count 1: Structuring of Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3). The parties agree to jointly recommend a sentence of 12-months' home detention with the conditions specified below. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information or the filed Indictment. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the Indictment as to the defendant.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s). This plea agreement is part of a "package" disposition as set forth in Section V(F) below.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Information:**

Count 1: Structuring of Financial Transaction, in violation of 31 U.S.C. § 5324(a)(3)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. On or about October 21, 2019, the defendant was willfully blind in providing assistance in the structuring of, and attempted to structure a financial transaction;

2. The transaction was structured for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a);

3. The financial transaction was conducted with a domestic financial institution.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of

the sentence. The defendant admits the allegations, although was willfully blind to some of them at the time of the charge in the Information:

Eielson Air Force Base ("Eielson AFB") is a United States Air Force facility located 26 miles southeast of Fairbanks, Alaska. Joint Base Elmendorf-Richardson ("JBER") is a United States military facility located in Anchorage, Alaska.

An Independent Government Cost Estimate ("IGCE") is an internal estimate, created by the government, to estimate a contract's potential costs. The IGCE was confidential and not disclosed to potential bidders because it would put the government at a competitive disadvantage when negotiating the contract. The defendant knew that if only one bidder obtained the IGCE, that bidder would gain an unfair advantage over competing bidders and, as a result, would be more likely to win the contract.

Ryan Dalbec ("Dalbec"), was the manager of Best Choice Construction LLC ("Best Choice"), which was a limited liability company organized and existing under the laws of North Dakota, with its principal place of business in Fargo, North Dakota. Through Best Choice, Dalbec submitted bids for and was awarded U.S. military contracts in Alaska, including contracts to perform work at Eielson AFB and JBER.

The defendant, RAIHANA NADEM, a/k/a RAIHANA DALBEC ("NADEM"), is married to Dalbec and Dalbec made NADEM the owner and registered agent of Best Choice. NADEM assisted Dalbec in ministerial tasks for Best Choice.

Brian Lowell Nash II ("Nash"), was an enlisted E-4 Senior Airman Contract Specialist in the U.S. Air Force. Nash was a member of the 673rd Contracting Squadron assigned to JBER.

Contracts

On or about the dates set forth in paragraphs 10 through 14 of the Information, Eielson AFB and JBER solicited and, in most instances awarded, multiple government contracts to Best Choice, as set forth below in Column A.

| "A" – CONTRACT | "B" – MILITARY BASE | "C" – AWARD AMOUNT |
|---|---|---|
| Asbestos Abatement Contract 1 | JBER | $725,000 |
| Asbestos Abatement Contract 2 | JBER | $467,000 |
| Eielson Roof Repair Contract | Eielson AFB | Cancelled |
| Eielson F-35 Building Contract | Eielson AFB | $6,850,000 |
| Nike Contract | JBER | $210,000 |

NADEM committed the following acts, among others:

- On August 22, 2019, Nash provided Dalbec with confidential, non-public bidding information regarding the Nike Contract.

- On October 18, 2019, Nash sent the following group text message to Dalbec and NADEM: "Rihanna & Ryan, Hey the 10k still hasn't hit…account yet and I need it before I deploy for family and stuff. Please call ASAP." Approximately 15-minutes later, Nash called NADEM. NADEM answered and said, "I was going to text you back, but you called, good you called so uh I will get on it right now and then today we're going to take care of it." Nash asked NADEM when to

expect the $10,000 (bribe) payment. NADEM replied, stating that Dalbec will get on it "likely today" and that "I will text you whenever it's going to be available." Nash then asked if he should expect two payments of $5,000 each, and NADEM asked "Ryan, are we doing two payments baby?" NADEM then followed up, saying that two payments were better, and that "I will do both today to get this done." After Nash asked if NADEM needed the account information for payment, NADEM replied that she had the account information but DABLEC was handling work related problems. Nash offered to send NADEM the account information, to which NADEM replied, "perfect, thank you so much...."

- After the call, Nash texted NADEM the information for a bank account opened in the name of a third party named "Mark Watkins." NADEM replied "thank you so much."

- On or about October 21, 2019, Dalbec paid Nash $9,500 via wire transfer. NADEM's participation in the telephone call and group texts assisted Dalbec in structuring the payment to be under $10,000 to avoid federal transaction reporting requirements and knowingly assisted in making the deposit into a third party's bank account.

- On or about October 22, 2019, Nash texted Dalbec and NADEM: "Got the money. Thanks guys. Will be in touch about first full week in November. I should be in your area." NADEM replied: "Sure thanks."

On or about the date set forth below in Column "B," NADEM was willfully blind in assisting in the structuring of the below bank transaction set forth in Column "C" for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), specifically, by making the deposit in an amount below $10,000 The transaction was made with a domestic financial institution.

| "A" – DEFENDANT | "B" – DATE | "C" – FINANCIAL TRANSACTION |
|---|---|---|
| NADEM | October 21, 2019 | The transfer of $9,500 into a third party bank account designated by Nash via Wire Transfer |

**D.  Statutory Penalties and Other Matters Affecting Sentence**

   **1.  Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 31 U.S.C. § 5324(a)(3)

1) 5 years' imprisonment;

2) a $250,000 fine;

3) a $100 special assessment; and

4) three years of supervised release.

U.S. v. Raihana Nadem, a/k/a Raihana Dalbec
4:21-cr-00011-RRB-SAO              Page 7 of 18

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

#### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

#### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the

right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

E.   **Restitution**

The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution. The government will not be recommending restitution.

F.   **Forfeiture**

The Defendant asserts that she has no assets that would be subject to forfeiture in this case. Defendant understands and acknowledges that the United States is relying upon the defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea agreement. If the defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement or may recommend against an adjustment for Acceptance of Responsibility.

III.  **ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS**

A.   **Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range

calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties agree to jointly recommend a sentence of 12-months' home detention, with the condition that the defendant may travel from her permanent residence to her place of work. The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information and Indictment in this case and the defendant's admissions set forth in Section II.C. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the Indictment as to the defendant.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury

and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

    **B.**    **Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

C.   **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

D.   **Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

E.   **Evidence Rule 410 and Fed. R. Crim. P. 11(f)**

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Package Disposition

The disposition contemplated by this agreement is part of a "package" deal with Ryan Dalbec. If either defendant in the package fails to accept, execute, or perform, or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the United States is relieved from and not bound by any terms in any agreements in the package.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Raihana Nadem, a/k/a Raihana Dalbec, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney –

and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I

understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1: Structuring of Financial Transactions, in violation of 31 U.S.C. § 5324(a)(3) of the Information.

DATED: Sep-01-2022

Raihana Nadem, a/k/a Raihana Dalbee
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: September 1, 2022

MARK SCHAMEL
Attorney for Raihana NADEM, a/k/a Raihana Dalbec

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 9/2/2022

S/ LANE TUCKER
United States Attorney